# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

October 22, 2024

**BY EMAIL & ECF**

Hon. P. Kevin Castel
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **United States v. Jason Bell**
      **24 Cr. 526 (PKC)**

Dear Judge Castel:

    I write, as counsel to Jason Bell in the above-captioned matter, to respectfully request a modification of Mr. Bell's bail conditions to enable him to attend school, medical, and social events and activities for or with his child. Pretrial services and the government do not object to this modification. In addition, I request temporary bail modifications to allow Mr. Bell to (1) celebrate his anniversary with his partner at a restaurant in Manhattan on November 19, 2024 from 6:00 to 10:00 pm at a location to be provided to pretrial services; and (2) take his son out for dinner on another night to celebrate an award he received from school. The government does not object. Pretrial services objects to the temporary modifications as a matter of policy because Mr. Bell is on home detention.

    At Mr. Bell's presentment on August 7, 2024, Magistrate Judge Willis set the following bail conditions:

> $25,000 personal recognizance bond to be co-signed by two financially responsible persons; compliance with pretrial services supervision as directed; home detention enforced by GPS monitoring; no possession of any firearm, destructive device, or other weapons; surrender all travel documents with no new applications; travel restricted to the Southern and Eastern Districts of New York; drug testing and treatment if initial urinalysis is positive; maintain or seek employment.

    In addition, Judge Willis granted Mr. Bell permission to continue working his two jobs as a server while on home detention, and to maintain his parenting responsibilities for his nine-year-

*[Handwritten annotation: Application in the second and third paragraphs of the second page of the defendant's letter of October 22 are granted. SO ORDERED. /s/ [signature] USDJ 11-4-24]*

old son, including taking his son to/from school and attending meetings and appointments for his son. Specifically, the Court emphasized that the home detention condition of release was not intended to curtail Mr. Bell's parenting responsibilities as long as he sought permission in advance from pretrial services.[1] Mr. Bell was ordered released on his own signature and the signature of his girlfriend, Shaniqua Woodruff, for moral suasion, with the remaining conditions to be met by August 21, 2024. The following day, Mr. Bell returned to court as directed to meet with pretrial services and be fitted for his ankle monitor.

While the Court specifically granted Mr. Bell permission to continue working his two jobs as a server while on pretrial release, Mr. Bell was let go from both jobs immediately after his federal arrest as a result of his ankle monitor. He actively sought and secured employment as a warehouse worker, a job he has maintained since the end of August.

On August 19, after pretrial services denied Mr. Bell's request to leave home to visit his son on his birthday, Judge Willis granted Mr. Bell's request to modify the conditions of release to specify that Mr. Bell has permission to attend parenting-related events with prior approval from pretrial services. Dkt. 7. Despite this, citing their home detention policy, pretrial services continues to deny Mr. Bell permission to spend time with his son outside of his home for social events. Therefore, Mr. Bell respectfully requests a bail modification that specifically denotes that Mr. Bell may attend school, medical, and social events and activities for or with his child. Pretrial services and the government do not object to this modification.

In addition, Mr. Bell respectfully requests two *temporary* bail modifications so that he may celebrate special occasions with loved ones. First, Mr. Bell requests permission to take his son out to dinner to celebrate an award his son won at school. Specifically, he would take his son out to eat one night from 6:00 to 10:00 pm (including travel time) at a location to be provided in advance to pretrial services. Second, Mr. Bell requests a temporary bail modification to celebrate his anniversary with his partner at a restaurant in Manhattan on November 19, 2024 from 6:00 to 10:00 pm (including travel time). The government does not object to these requests. Pretrial services objects to the temporary modifications as a matter of policy because Mr. Bell is on home detention.

---

[1] In August, the defense requested a copy of Mr. Bell's presentment transcript. In response, counsel was informed by email that there were "technical difficulties with the audio file from the August 7, 2024 hearing;" as a result, the court reporter was "unable to produce a transcript from this audio."

Thank you for your consideration of these requests.

                                         Respectfully submitted,

                                                /s/

                                         Marne L. Lenox, Esq.

                                         *Counsel for Jason Bell*

cc:    Counsel of record