UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                     24-cr-526 (PKC)

                                                         OPINION AND ORDER

JASON BELL,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Jason Bell moves to dismiss the Indictment charging him with possession of a firearm following two prior felony convictions, in violation of 18 U.S.C. § 922(g)(1). (ECF 9.) Bell argues that the Supreme Court's decision in New York State Rifle & Pistol Association v. Bruen, bars his prosecution for possession of a firearm under a historical analysis. 597 U.S. 1 (2022). Further, Bell argues that Section 922(g)(1) is unconstitutional both facially and as applied to Bell. For the reasons explained, the Court will deny the motion.

BACKGROUND

        The government alleges that, on or around May 21, 2024, at approximately 6:15 p.m., an unidentified individual called 911 and reported seeing a man with a firearm near the intersection of 164th Street and Summit Avenue in the Bronx. (ECF 1, Compl't ¶ 4(a).) Officers who responded to the call approached Bell and identified themselves as police. (Id. ¶ 5(f).) Bell began to flee and allegedly threw from his pocket what later was identified as a "loaded black Taurus G2C 9mm handgun." (Id. ¶¶ 5(g)-(h).) After the

officers pursued and arrested Bell, he allegedly admitted to having possessed the gun. (Id. ¶ 5(n).)

According to the government, Bell had two prior felony convictions before this incident. (Id. ¶¶ 3(a)-(d).) Bell had previously been convicted of attempted robbery in the second degree, in violation of New York Penal Law Section 160.10(1) and sentenced to a term of two years' imprisonment, and attempted assault in the first degree with intent to cause serious injury with a weapon, in violation of New York Penal Law Section 120.10(1) and sentenced principally to a term of eight years' imprisonment. (Id. ¶¶ 3(a)-(c).)

The government charges that Bell, knowing that he had previous convictions for crimes punishable by a sentence of more than one year and knowingly possessed a firearm in and affecting commerce, violated Section 922(g)(1). (ECF 9, Indictment.) Bell moves to dismiss, and the government opposes.

PROCEDURAL HISTORY

On July 30, 2024, the government filed a sealed criminal Complaint against Bell. (ECF 1.) He was arrested, appeared before a Magistrate Judge, and was released on a personal recognizance bond. (ECF 4.) On September 4, 2024, a Grand Jury returned an Indictment charging Bell with one count of being a felon in possession of a firearm in violation of U.S.C. § 922(g)(1). (ECF 9.)

On January 14, 2024, this Court held a status conference and, at that proceeding, set a motion schedule. Bell thereafter filed a motion to dismiss the Indictment on February 2, 2024 (ECF 26, 27), and the government filed its opposition on February 18, 2025 (ECF 28). Although the Court afforded Bell the opportunity to file a reply to the government's motion by February 25, 2025, Bell has not done so.

LEGAL STANDARD

The Second Amendment provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. Amend. II. The Supreme Court affirmed in <u>Bruen</u> that "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." 597 U.S. at 24, 33 (holding that the Second Amendment protects an individual's right to carry weapons in public for means of self-defense). For regulation of conduct within the Second Amendment's "unqualified command," the government must "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." <u>Id.</u> at 24. The Supreme Court further elaborated in <u>United States v. Rahimi</u> that the appropriate analysis for courts to consider is "whether the challenged regulation is consistent with the principles that underpin [the nation's] regulatory tradition." 602 U.S. 680, 692 (2024).

DISCUSSION

  A. <u>Section 922(g)(1) is Facially Constitutional.</u>

Bell argues that the indictment should be dismissed because the government has failed to identify a "historical tradition" of "similar founding-era regulations" and, therefore, fails under <u>Bruen</u>'s analytical framework. (ECF 27.)

The Second Amendment protects "the right of law-abiding, responsible citizens" to possess arms in the home for self-defense. <u>District of Columbia v. Heller</u>, 554 U.S. 570, 635 (2008). However, this right is not absolute. <u>Id.</u> at 626 (stating that nothing in <u>Heller</u> "should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . ."). The Supreme Court further reiterated the prohibition on the

possession of firearms by felons in McDonald v. City of Chicago, Ill. 561 U.S. 742, 786 (2010) ("We made it clear in Heller that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons' . . . [w]e repeat those assurances here.").

The majority in Bruen was clear that Heller and McDonald are controlling precedents. Bruen, 597 U.S. at 22, 31-32 (finding that "law-abiding" citizens are protected by the Second Amendment when applying the constitutional standard endorsed in Heller). And six of the nine justices in Bruen "authored or joined separate opinions which . . . noted that Bruen does not disrupt or abrogate Heller and McDonald's endorsements of felon-in-possession laws." United States v. Hampton, 676 F. Supp. 3d 283, 300 (S.D.N.Y. 2023) (Cronan, J.); see also Bruen, 597 U.S. at 79-81 (Kavanaugh, J., joined by Roberts C.J., concurring); id. at 72 (Alito, J., concurring); id. at 129 (Breyer, J. joined by Sotomayor and Kagan, J.J. dissenting).

In United States v. Bogle, the Second Circuit, relying on Heller and McDonald, "join[ed] every other circuit to consider the issue in affirming that § 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons." 717 F.3d 281, 281-82 (2d Cir. 2013) (per curiam). Bell argues that the Constitution does not draw a "felon/non-felon" distinction, pointing to Justice Thomas' dissent in Rahimi that characterizes the reference in Heller to laws that prohibit felons from possessing firearms as "dicta." Rahimi, 602 U.S. at 773 n.7 (Thomas, J. dissenting). But when the Second Circuit has spoken directly on an issue, the Court must follow that precedent "unless and until that case is reconsidered by [the Second Circuit] sitting in banc (or its equivalent) or is rejected by a later Supreme Court decision." Monsanto v. U.S., 348 F.3d 345, 351 (2d Cir. 2003).

Therefore, this Court concludes that <u>Bogle</u> is binding precedent, as every court in this District has likewise concluded. <u>See</u>, <u>e.g.</u>, <u>Hampton</u>, 676 F. Supp. 3d at 301; <u>United States v. Samuels</u>, 24-cr-00305 (ALC), 2025 WL 723209, at *9 (S.D.N.Y. Mar. 6, 2025); <u>United States v. Ramos</u>, 23-cr-554 (MKV), 2024 WL 4979204, at *5 (S.D.N.Y. Dec. 4, 2024); <u>United States v. Silverio</u>, 22 Cr. 15 (PKC), 2024 WL 4528160, at *5-6 (S.D.N.Y. Oct. 18, 2024); <u>United States v. Morales</u>, 24 Cr. 84 (PAE), 2024 WL 3345982, at *2 (S.D.N.Y. July 8, 2024); <u>United States v. Jones</u>, 24 Cr. 196 (GBD), 2024 WL 4817480, at *3 (S.D.N.Y. Nov. 18, 2024) (collecting cases).

B. <u>Section 922(g)(1) is Constitutional as Applied to Bell.</u>

Bell also challenges the constitutionality of Section 922(g)(1) as applied to him. Bell argues that, unlike <u>Rahimi</u>, in this case, he never "otherwise behaved in a manner 'found by a court to pose a credible threat to the physical safety of another'" and that his prior convictions are nearly twenty-years old. (ECF 27 at 7 (quoting 602 U.S. at 698.)) However, the Supreme Court did not suggest in <u>Rahimi</u> that the only permissible restriction on gun possession is for individuals found by a court to be a "current" threat. 602 U.S. at 699 ("<u>Heller</u> never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home. In fact, our opinion stated that many such prohibitions, like those on the possession of firearms by 'felons . . . ' are 'presumptively lawful.'") Bell is an individual who was previously convicted of two prior dangerous felonies and, therefore, falls squarely within the prohibition on felons possessing firearms. Therefore, Section 922(g)(1) is constitutional as applied to Bell.

CONCLUSION

        For the reasons set forth above, defendant's motion to dismiss the indictment is DENIED.

        SO ORDERED.

                                            P. Kevin Castel
                                            United States District Judge

Date:  March 25, 2025
          New York, New York