# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Tamara Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

October 29, 2025

**BY EMAIL & ECF**

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Application Granted.

So Ordered: _____
Hon. P. Kevin Castel, U.S.D.J.
10-29-25

Re: **United States v. Jason Bell**
     **24 Cr. 526 (PKC)**

Dear Judge Castel:

I write, as counsel to Jason Bell in the above-captioned matter, to respectfully request a temporary modification of Mr. Bell's bail conditions to allow him to have his electronic monitor removed for an MRI procedure. The government does not object to this request.

At Mr. Bell's presentment on August 7, 2024, Magistrate Judge Willis set the following bail conditions:

> $25,000 personal recognizance bond to be co-signed by two financially responsible persons; compliance with pretrial services supervision as directed; home detention enforced by GPS monitoring; no possession of any firearm, destructive device, or other weapons; surrender all travel documents with no new applications; travel restricted to the Southern and Eastern Districts of New York; drug testing and treatment if initial urinalysis is positive; maintain or seek employment.

In addition, Judge Willis granted Mr. Bell permission to continue working his two jobs as a server while on home detention, and to maintain his parenting responsibilities for his nine-year-old son, including taking his son to/from school and attending meetings and appointments for his son. Specifically, the Court emphasized that the home detention condition of release was not intended to curtail Mr. Bell's parenting responsibilities as long as he sought permission in advance from pretrial services. Mr. Bell was ordered released on his own signature and the signature of his girlfriend, Shaniqua Woodruff, for moral suasion, with the remaining conditions to be met by

August 21, 2024. The following day, Mr. Bell returned to court as directed to meet with pretrial services and be fitted for his ankle monitor.

On November 4, this Court granted Mr. Bell's request for a bail modification that specifically denotes that Mr. Bell may attend school, medical, and social events and activities for or with his child. ECF No. 17.

Following several months of compliance with the conditions of his release and after completing a job readiness program with the Osbourne Association, Mr. Bell secured full time employment at Morton Williams Supermarket in Manhattan. On January 14, 2025, the Court granted Mr. Bell's request to replace home detention with a curfew with curfew hours to be set at the discretion of pretrial services.[1] On September 8, 2025, the Court amended Mr. Bell's conditions of release to allow him to travel to New Jersey for day visits with his son upon prior permission from pretrial services. ECF. No. 43. Mr. Bell has maintained compliance with the conditions of release.

On March 28, July 29, and August 11, 2025 the Court granted Mr. Bell's requests for a temporary modification to his bail conditions to allow him to remove his electronic monitor before two MRI procedures and a hernia surgery and be refitted for the monitor after the appointments. ECF Nos. 31, 37, 39. Mr. Bell complied with this directive each time without incident. He now requests permission for a temporary modification to enable him to remove his electronic monitor for an MRI procedure on Friday, October 31, and be refitted for the monitor after the appointment. The government does not object to this request.

*OK*

Respectfully submitted,

/s/

Marne L. Lenox, Esq.

*Counsel for Jason Bell*

cc:   Counsel of record

---

[1] The Court noted that if at any time Mr. Bell is no longer working five days a week at his place of employment, the Court, pretrial services, and the government must be notified within 48 hours.

2